1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DOMINGUEZ, | Case No. 1:22-cv-00275-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE AND DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| | (ECF No. 2) |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Richard Dominguez filed a complaint on March 7, 2022, challenging a final decision of the Commissioner of Social Security denying his application for disability benefits. Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  The right to proceed without prepayment of fees in a civil case is a privilege and not a right.  Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984)

1   ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of

2   *in forma pauperis* status does not violate the applicant's right to due process").  A plaintiff need

3   not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it

4   states that due to his poverty he is unable to pay the costs and still be able to provide himself and

5   his dependents with the necessities of life.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S.

6   331, 339 (1948).  Whether to grant or deny an application to proceed without prepayment of fees

7   is an exercise of the district court's discretion.  Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th

8   Cir. 2015).

9       Plaintiff last worked in 2014 making $24 or $25 per hour.  (ECF No. 2 at 1.)  Up until

10  one week prior to the filing of the application, Plaintiff was receiving $280 a week in workers'

11  compensation payments.  (Id.)  Additionally, Plaintiff was, and currently is, receiving private

12  disability payments in the amount of $1,247 per month.  (Id.)  Therefore, immediately prior the

13  filing of the application, Plaintiff was receiving approximately $29,524 per year in income, or

14  approximately $2,460.33 per month.  Following the cessation of workers' compensation

15  payments, Plaintiff claims $1,247 per month, or $14,964 per year.  Plaintiff currently has $9,500

16  in cash in his checking or savings account.  (Id. at 2.)  Plaintiff owns a mobile home with no

17  mortgage, valued at approximately $15,000 to $20,000, and pays monthly space rent in the

18  amount of $700 per month.  (Id.)  Plaintiff pays $200 for utilities and transportation; $150 to

19  $200 per month in groceries; and $50 per month for a phone.  Additionally, Plaintiff claims he

20  owes $20,000 for a loan on the roof of the mobile home, with monthly payments of $186, and he

21  owes about $250 on his credit cards.  (Id.)  Plaintiff states he was able to save the $9,500 because

22  of the workers' compensation payments and prior savings, and that it used to be $20,000 in

23  savings but has been decreasing each month due to minimal income and living expenses.  (Id.)

24      Taking Plaintiff's higher estimated grocery expenses and estimating $25 per month

25  payment on the credit cards, Plaintiff's total claimed monthly expenses total $1,361, an amount

26  only $114 less than his current claimed income, and $1,099.33 less than the monthly income

27  Plaintiff claims he was receiving just one week prior to the filing of this application.  In

28  consideration of the substantial cash savings, monthly disability payments, and ownership of the

1    mobile home, Plaintiff demonstrates he can pay the costs and still be able to provide himself and

2    with the necessities of life.   In assessing whether a certain income level meets the poverty

3    threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each

4    year by the Department of Health and Human Services.   See, e.g., Paco v. Myers, No. CIV. 13-

5    00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-

6    EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).   Plaintiff does

7    not claim any dependents.   The 2021 Poverty Guidelines for the 48 contiguous states for a

8    household of one is $13,590.   2021 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines

9    (last visited March 9, 2022).

10          Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed

11   *in forma pauperis* be DENIED and Plaintiff be ordered to pay the $402.00 filing fee for this

12   action.

13          The Clerk of the Court is DIRECTED to randomly assign this matter to a district judge.

14          This findings and recommendations is submitted to the district judge assigned to this

15   action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.   Within **fourteen**

16   **(14) days** of service of this recommendation, Plaintiff may file written objections to this findings

17   and recommendations with the court.   Such a document should be captioned "Objections to

18   Magistrate Judge's Findings and Recommendations."   The district judge will review the

19   magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   The

20   parties are advised that failure to file objections within the specified time may result in the

21   waiver of rights on appeal.   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing

22   Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

23

24   IT IS SO ORDERED.

25   Dated:   __**March 9, 2022**__

     UNITED STATES MAGISTRATE JUDGE

26

27

28