UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DOMINGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:22-cv-00275-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 19) |

Petitioner Francesco P. Benavides ("Counsel"), attorney for Richard Dominguez ("Plaintiff"), filed the instant motion for attorney fees on September 24, 2024.  Counsel requests fees in the amount of $18,700.00 pursuant to 42 U.S.C. § 406(b)(1).  Plaintiff has not objected to the request.  On October 8, 2024, Defendant Social Security Commissioner, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion providing an analysis of the fee request.

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint challenging the denial of social security benefits on March 7, 2022. (ECF No. 1.)  On December 2, 2022, a stipulation for voluntary remand was filed.  (ECF No. 14.)  The Court entered judgment in Plaintiff's favor and the action was remanded on December 5, 2022.  (ECF Nos. 15, 16.)  On December 15, 2022, Plaintiff was awarded attorney fees of $4,500.00. at the stipulation of the parties.  (ECF No. 18.)

On remand, the ALJ found that Plaintiff was disabled as of June 18, 2018, and Plaintiff was awarded benefits in the amount of $123,091.72.[1]  (ECF No. 19-1 at 1, 2; 19-2 at 10.)  The Commissioner withheld $30,772.93 from the past-due benefit for attorney fees.  This amount equals 25 percent of the retroactive benefit award.  (ECF No. 19-1 at 3.)  Petitioner has previously received payment of $4,500.00 in EAJA fees.  (ECF No. 18.)  In the instant motion, Petitioner seeks an $18,700.00 for work performed in this action.  The attorney who represented Plaintiff at the administrative level will be receiving $12,000.00 in attorney fees.  (ECF No. 19 at 1.)

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  The payment of such award comes directly from the claimant's benefits.  42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009).  The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable.  Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements").  Agreements seeking fees in

---

[1] The award letter does not state the total amount of back benefits awarded, but does state that twenty five percent, or $30,772.93, was withheld from the past due benefits.  (ECF No. 19-1 at 3.)  This would make the total award $123,091.72 (4 x $30,772.93).

2

excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

## III.

## DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 535 U.S. at 807. Here, the fee agreement between Plaintiff and Petitioner provides for a fee "25% of the Claimant's past due benefits awarded to Claimant upon reversal of any unfavorable ALJ decision." (Engagement and Fee Agreement, ECF No. 19-3.) Plaintiff has been awarded benefits from June 18, 2018, through August 9, 2024 in the amount of $123,091.72. (ECF Nos. 19-1, 19-2.) In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. Although this action does involve six years of backpay, there is no indication that Counsel was responsible for any substantial delay in the court proceedings. Plaintiff agreed to a 25 percent

fee at the outset of the representation and Petitioner is seeking payment of $18,700.00. Considering the prior award of $4,500.00 the total amount sought by Petitioner is $14,200.00, which is 11.5 percent of the backpay award.[2] The $14,200.00 fee is not excessively large in relation to the past-due award of $123,091.72. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

In support of the motion, Petitioner submits a log of the time spent in prosecuting this action. (Time Log, ECF No. 19-4.) The log demonstrates that Petitioner spent 21 hours on this action. (Id.) When considering the total amount requested by Petitioner, the fee request translates to $890.48 per hour for Petitioner's services in this action. In Crawford, the appellate court found that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was not excessive. Crawford, 486 F.3d at 1152 (dissenting opinion). Further, since Gisbrecht, courts note that reducing a fee request is dicey business and find fee awards much higher than this to be reasonable. Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an hourly rate of $1,553.36 per hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services); see also Villa v. Astrue, No. CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.")

The Court finds that the requested fees are reasonable when compared to the amount of work Petitioner performed in representing Plaintiff in court. Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and ultimately benefits were awarded. Petitioner also submitted a detailed billing statement which supports the request. (ECF No. 19-4.)

---

[2] Considering the $12,000.00 that the attorney who represented Plaintiff at the administrative level is receiving, the total fee award to both Petitioner and the administrative level attorney is $26,200.00 which is 21.1% of the amount awarded to Plaintiff.

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. In this instance, Petitioner has previously been awarded $4,500.00 in EAJA fees and the award of fees under Section 406(b) must be offset in that amount.

## VI.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $18,700.00 is GRANTED;

2. Pursuant to counsel's request, this amount shall be paid directly to The Law Offices of Francisco Benavides, 1990 N. California Blvd., 8th Floor, Walnut Creek, CA 94596. The Commissioner is to remit to Plaintiff the remainder of his withheld benefits; and

3. Petitioner is ordered to refund $4,500.00 of the Section 406(b) fees awarded to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: **October 15, 2024**

UNITED STATES MAGISTRATE JUDGE